## HORATIO REED v. JOHN W. WARTH.

On the return of a summons issued from a district court, the parties appeared, put in their pleadings, and by consent adjourned the trial of the action to take place before the justice at his private office, which was located outside of the district for which he was elected. On the adjourned day the justice was absent, where-upon the parties went before the justice of another district, who tried the cause upon the pleadings thus put in, and gave judgment. *Held*,

I. That where the action is tried before a justice of a district other than the one in which the court is held, the return on appeal must show affirmatively that the justice of the district was at the time absent from the usual place of holding the court, or unable to hold it from illness.

II. The power given, by section 6 of the District Court Act, (1 Laws 1857, 707,) to a justice to hold court in another district than the one to which he is elected, being new, must be strictly followed, and the facts authorizing its exercise must appear by the return.

III. The non-attendance of the justice before whom the action was commenced, at the adjourned day, operated as a discontinuance, and the subsequent proceedings before another justice were *coram non judice* and void.

This was not a case of voluntary appearance of the parties within section 10 of the act, because the pleadings were put in before a justice of a district other than the one who tried the cause.

Whether a justice can in any case proceed with the trial of a cause commenced be-fore him, at a place outside of the district for which he is elected, without ren-dering his subsequent proceedings in the action void. *Quere?*

APPEAL by defendant from a judgment of the justice of the First District Court. The return showed that the action was com-

menced by a summons returnable before the justice of the fourth district, at his court room, in First avenue, in the city of New York. On the return day of the summons the parties appeared, and the defendant put in an answer. Several adjournments were thereafter had, until, at length, the cause was adjourned by consent, " to be tried *at the office*" of the justice of the fourth district, at No. 78 Nassau street. On the adjourned day the parties attended at the office of the justice, but he was absent; and they thereupon went voluntarily before the justice of the first district, at his court room, No. 80 Nassau street, and submitted the cause to him upon the pleadings already in. He tried the cause and rendered the judgment now appealed from. It did not appear by the return that at the time of the trial the justice of the fourth district was either sick, or "absent from the usual place of holding his court."

The principal question discussed upon the appeal was, whether the justice of the first district had any jurisdiction of the cause.

*Robert E. Topping*, for the appellant.

I. The justice of the first district acquired no jurisdiction, and the proceedings before him were *coram non judice* and void for the following reasons: 1. A justice of one district court can hold the court of another district only in the following instances : When his office is vacant; when he is absent from the usual place of holding his court, or unable from illness to hold the same. District Courts Act of 1857, § 6. None of the above conditions existed, as appears from the return. 2. The cause was tried out of the Fourth District, viz., at 82 Nassau street. The Fourth District Court must be held within the district at the place appointed by the corporation of the city of New York. District Courts Act, § 7.

II. Courts of justices of the peace are strictly confined to the authority given them by the statute, and must show the power given them in every instance. *Jones* v. *Reed*, 1 Johns. C. 20, 1 Caines, 594 ; *Wells* v. *Newkirk*, 1 Johns. C. 228 ; *Way* v. *Carey*, 1 Caines, 191.

III. The power of a justice of the First District Court to hold the court of any other district, is a new power conferred by the act of April 13th, 1857, of the Legislature. Where a new power is given, he must proceed in the mode and in accordance with the act. *Bigelow* v. *Stearns*, 19 Johns. 39.

. IV. Where a justice has no jurisdiction whatever, and undertakes to act, his acts are "*coram non judice*" and void. *Butler* v. *Potter*, 17 Johns. 45.

V. A defect of jurisdiction in a justice is not cured by the defendants appearing and going to trial. *Low* v. *Rice*, 8 Johns. 409.

VI. The judgment is clearly against the weight of evidence, so as to warrant the inference of *misapprehension, bias, mistake, partiality,* or *undue influence* on the mind of the justice who rendered it.

*W. C. Carpenter,* for the respondent.

By the Court, HILTON, J.—This action was commenced by summons returnable before Justice William H. Van Cott, of the fourth district, at his court room, No. 73 First avenue, and was tried before the justice of the first district at his court room, No. 82 Nassau street, who rendered a judgment for the plaintiff, and from which the defendant appeals.

The return of the justice of the first district states that on the return of the summons the parties appeared by counsel, an answer was put in, and, after several adjournments by consent, "the cause was further adjourned until the 10th day of May, 1858, at one o'clock in the afternoon, to be tried at the office of Justice Van Cott, No. 78 Nassau street, in the city of New York. On the said tenth day of May, 1858, Justice Van Cott being absent, the counsel for the plaintiff and defendant consented to try said cause before the undersigned at the court room (No. 82 Nassau street) for the first judicial district."

Upon the face of the return, therefore, the question is presented, whether the justice of the first district acquired any

jurisdiction to try this cause, by reason of the absence of Justice Van Cott from his office, No. 78 Nassau street, at the time in which the trial was adjourned.

The power of any justice in this city to hold the court in another district than the one to which he is elected, is given by section six of the "Act to reduce the several acts relating to the district courts in the city of New York into one act," passed April 13, 1857, (1 Laws 1857, p. 707), which provides that "the justice elected in each district must hold the court therein, or if his office be vacant, or if he be absent from the usual place of holding his court, or unable from illness to hold the same, it may be held by a justice elected in another district."

The power thus given being new, it follows that it must be strictly pursued, and unless the justice who tried the cause, acquired the right to do so under the provisions of this section, his acts were *coram non judice* and void, (*Butler* v. *Potter*, 17 John. 145 ; *Saracool* v. *Boughton*, 5 Wend. 170), and, by the non-attendance of Justice Van Cott at the adjourned day, the action was discontinued. *Stoddard* v. *Holmes*, 1 Cowen, 245.

This is not a case commenced by the voluntary appearance of the parties and pleading before the justice, without summons, under section ten of the act of 1857 (*supra*,) because it appears that the pleadings were had before the justice of the fourth district ; and as the return does not show that justice to have been absent from the usual place of holding his court on the day to which the case was adjourned, it is very clear that the justice of the first district acquired no jurisdiction whatever to try the action, and his acts were entirely void. *Dudley* v. *Mayhew*, 3 Comst. 9.

The office of Justice Van Cott was not the usual place of holding his court—the place appointed for that purpose being his court room in First avenue,—and although it is not necessary, after having arrived at the conclusion above stated, to determine whether a justice can in any case proceed with the trial of a cause commenced before him at a place outside of the district for which he is elected ; yet I entertain great doubt whether he

can do so without thereby rendering his subsequent proceedings in the action void. See act of 1857 (*supra*,) §§ 1, 4, 7, 6; *Burckle* v. *Elkhart*, 3 Comst. 132; Coke Lit. 125, *a*, *b*.

A remaining ground of appeal is, that the judgment rendered is against the clear and decided weight of the evidence, and were I not satisfied that the justice who tried the case acquired no jurisdiction over it, I would favor the reversal of the judgment on this ground alone.

Judgment reversed.